**UNITED STATES of America,**
**Appellee,**

v.

**Willie CANTY, Jr., Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Carl Victor GREEN, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Delores VALENTINE, Appellant.**

**Nos. 13210, 13294 and 13587.**

United States Court of Appeals,
Fourth Circuit.

Feb. 3, 1970.

Thomas G. Mays, Jr. (Court-appointed counsel) and Adams, Porter, Radigan & Mays, Arlington, Va., on brief for Willie Canty, Jr.

Thomas R. Dyson, Jr., Washington, D. C. (Court-appointed counsel) on brief for Carl Victor Green.

Robert M. Alexander, Arlington, Va. (Court-appointed counsel) on brief for Delores Valentine.

Brian P. Gettings, U. S. Atty., and Alfred D. Swersky, Asst. U. S. Atty., on brief for appellee.

Before SOBELOFF and WINTER, Circuit Judges, and HARVEY, District Judge.

PER CURIAM:

The three appellants were found guilty by a jury of bank robbery in violation of 18 U.S.C. § 2113(a), and aiding and abetting in bank robbery in violation of 18 U.S.C. § 2.

I

■ All of the appellants complain of the testimony of Martha Cooper. She placed Canty, Green and Valentine in a parking lot outside the bank before and after the robbery. However, Miss Cooper's vantage point was the sixth floor of an office building some distance away. On direct examination she stated that she "felt" that the three defendants were the ones. On cross-examination she said "I didn't say I could positively. I said there were three people in here that looked like the three people on the parking lot."

Appellants contend that Miss Cooper's testimony was so unsure that it was mere surmise and that the failure to exclude it was prejudicial error. We do not agree. Miss Cooper's doubts were fully explored and exposed. It was then up to the jury to assess the value of her evidence along with the rest. United States v. Close, 349 F.2d 841 (4th Cir. 1965). Moreover, the damage done by the Cooper testimony—if indeed its shakiness did hurt and did not help—could hardly be anything but negligible. It was a minor feature of the trial and there was much more. The question is not whether her weak identification, if it stood alone, would warrant a verdict of guilty. It may be granted it would not. But this is not to say that her testimony fatally infected the prosecution's otherwise solid case against all of the defendants. Canty was positively identified by five eyewitnesses in the bank, Green by three. All of the defendants, including Valentine, were apprehended in the getaway car shortly after the robbery with bait money in their possession.

II

■ The trial judge exercised his power to comment on the evidence. *See* Holmes v. United States, 271 F.2d 635 (4th Cir. 1959). Defendants do not contest a judge's right to do so, but maintain that the comment in this case was unduly weighted in favor of the Goverment. We find no merit in this contention. There was an interval of a weekend between the close of the prosecution's case and its submission to the jury, while there were only a few minutes between defendant's evidence and the jury charge. Thus it was not unreasonable for the judge to devote a greater proportion of time to the Government's presentation. Reviewing the charge as a whole we cannot say that it was misleading, unfairly slanted or otherwise prejudicial.

III

■ Counsel for Valentine sought to have the court allow her to plead guilty to the lesser offense of conspiracy. The judge refused to consider the plea. This was not error since in the absence of an agreement by the Government, the refusal to accept a plea to a lesser charge is not an abuse of discretion. *Compare* Griffin v. United States, 405 F.2d 1378 (D.C.Cir. 1968) *with* McCoy v. United States, 124 U.S.App.D.C. 177, 363 F.2d 306 (1966).

IV

■ Finally, Valentine argues that she was deprived of equal protection of the laws in that there were no non-whites on her jury panel. There is, however, no constitutional right to a proportionate number of a defendant's race on a jury panel. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L. Ed.2d 759 (1965). Furthermore, there was no evidence that blacks have been significantly underrepresented on jury panels in the Eastern District of Virginia.

Valentine also assails the juror selection method—solely from voter lists—as inadequate under the Jury Selection Act of 1968. The Act states that a "plan shall prescribe some other source or sources of names in addition to voter lists where necessary to foster the policy and protect the rights secured by sections 1861 and 1862 of this title." 28 U.S.C. § 1863(b) (2). Aside from the fact that appellant has not followed the prescribed objection procedure set out in the Act (28 U.S.C. § 1867) she has furnished no more than the bald allegation that the selection method is insufficient.

Affirmed.