UNITED STATES of America,
Appellee,

v.

Milton KIND, Appellant.

UNITED STATES of America,
Appellee,

v.

William HARMATZ, Appellant.

UNITED STATES of America,
Appellee,

v.

Vivian White KAY, Appellant.

Nos. 14059, 14061 and 14102.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 15, 1970.

Decided Oct. 16, 1970.

**340**

Fred Kolodner, Baltimore, Md. (court-appointed) for Milton Kind.

Earl C. Dudley, Jr., for William Harmatz.

James Mitchell Jones, Washington, D. C. (court-appointed) for Vivian White Kay.

Clarence E. Goetz, Asst. U. S. Atty., for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

These are appeals from convictions of theft from an interstate shipment and possession of goods stolen from an interstate shipment. The indictment was returned against six defendants, one of whom died prior to trial, and two of whom pleaded guilty. These three appellants went to trial on pleas of not guilty on September 16, 1968, and were convicted on November 1, 1968, after a protracted trial. We affirm.

All three appellants urge upon us that the district judge's comments on the evidence in the course of his instructions to the jury constituted an argument for conviction and denied the appellants a fair trial. The point is wholly without merit. Examination of the entire charge, rather than words and phrases out of context, show that it was not misleading, unfairly slanted, or otherwise prejudicial to the defendants. United States v. Canty, 422 F.2d 358 (4th Cir. 1970).

■ Harmatz objects to the court's instruction to the effect that possession of property recently stolen, if unexplained, is a circumstance permitting but not requiring the jury to draw the inference that the person in possession knew the property had been stolen and participated in some way in the theft of the property. We have examined the instruction in its full context and find it unexceptionable. Battaglia v. United States, 205 F.2d 824, 827 (4th Cir. 1953); United States v. Borda, 285 F.2d 405, 407 (4th Cir. 1961); United States v. Luciano, 343 F.2d 172, 174 (4th Cir. 1965); United States v. Costanzo, 395 F.2d 411, 446 (4th Cir. 1968); United States v. Covington, 411 F.2d 1087, 1090 (4th Cir. 1969).

■ Appellant Kay assigns as error the fact that the Grand Jury testimony was not recorded, insisting that the failure to do so deprived him of access to it and resulted in an unfair trial. It is suggested that Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), impliedly requires the recording of all proceedings before the Grand Jury. We find nothing to that effect in *Dennis*, nor are we aware of any court decision that has put such a burden upon the United States. The court in *Dennis* said, "In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts." 384 U.S. at 873, 86 S.Ct. at 1851. Here the government was not advantaged by a copy

of the Grand Jury testimony unavailable to the defendant since no copy was made.

 Kay also assigns as error the unanticipated response of a government witness to a question asked by the court whether the witness had seen the defendant Kay after the night of the theft. The answer was: "He called me again later on and said that he had a load of shoes, wanted to know if I could use them." We know of no way that a trial judge can effectively guard against unresponsive answers such as this one. The unguarded comment was made some 44 days before the case was submitted to the jury. It would be nonsense to require a new trial for such an unanticipated answer to a perfectly proper question. Moreover, in view of the overwhelming evidence of guilt of Kay, we think that any error was harmless. United States v. Dillinger, 341 F.2d 696 (4th Cir. 1965).

Appellant Kind urges that testimony identifying the serial number of one of the stolen T. V. sets should not have been received in evidence. Examination of the serial number occurred in the course of Kind's arrest pursuant to a valid warrant. The T. V. set was in the same room and only a few feet away. Kind urges that this was an unlawful search under Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). We need not decide the question because the search occurred long before the *Chimel* decision, and we held in Porter v. Ashmore, 421 F.2d 1186 (4th Cir. 1970), that *Chimel* was not to be applied retroactively. Under pre-*Chimel* standards the search is obviously valid and the testimony as to the serial number admissible. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947).

Kay's final assignment of error is that the government did not furnish to defense counsel the statement of a government witness quickly enough. We have

considered the argument and think that it does not merit discussion.

Affirmed.