(No. 45566.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROGER LENTZ, Appellant.

*Opinion filed November 20, 1973.*

FRANK WESOLOWSKI, JR., Public Defender, of Wheaton, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JOHN J. BOWMAN, State's Attorney, of Wheaton (JAMES B. ZAGEL, Assistant Attorney General, and RALPH J. GUST, JR. and MALCOLM F. SMITH, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Roger Lentz, was indicted for the crime of theft by the Du Page County grand jury. The trial court dismissed the indictment but the appellate court reversed. (*People v. Lentz, 8 Ill. App. 3d 41.*) We granted leave to appeal. The sole issue presented for review is whether the failure to record grand jury testimony necessitates dismissal of the indictment under Supreme Court Rule 412. 50 Ill.2d R. 412(a)(iii), effective October 1, 1971.

Rule 412 in pertinent part provides:

"(a) Except as is otherwise provided in these rules as to matters not subject to disclosure and protective orders, the State shall, upon written motion of defense counsel, disclose to defense counsel the following material and information within its possession or control:

\* \* \*

(iii) a transcript of those portions of grand jury minutes containing testimony of the accused and relevant testimony of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial."

The facts herein are not in dispute. The indictment was returned on December 16, 1971. Thereafter, pursuant to Rule 412, defendant filed a motion requesting that the State be directed to furnish him a transcript of the grand jury testimony of all persons whom the State intended to call as witnesses at trial. The State responded that a transcript was not available since a court reporter had not been present at the grand jury proceedings. The trial court, on December 21, 1971, dismissed the indictment, holding that Rule 412 requires the State to record grand jury proceedings and provide a transcript thereof to the defendant upon request.

The appellate court reversed, relying on *People v. Aughinbaugh (1967), 36 Ill.2d 320,* which was decided prior to the adoption of Rule 412. In *Aughinbaugh* we held that the State must provide a transcript of grand jury proceedings to a defendant on proper demand only when

such proceedings had been recorded and a transcript made. We further stated at page 324, "The law, so far as we are aware, does not require that the testimony of witnesses before a grand jury be recorded. *** Since there is no absolute requirement, constitutional or otherwise, that testimony before a grand jury be recorded, there may well be many cases in which no record exists. [Citation.] It is clear that defendant can have no right to production under these circumstances ***." Examining the pertinent portions of Rule 412 in light of *Aughinbaugh,* the appellate court noted that this rule could have specifically required recordation, but did not. Therefore, the appellate court held that Rule 412 requires disclosure only of recorded testimony.

Defendant now contends that Rule 412 should be interpreted to correspond with an increasing awareness by the courts that fundamental fairness requires that the defense be supplied with the same materials available to the prosecution. He argues that the word "control" as used in Rule 412 should be held to include the State's decision as to whether to record grand jury testimony. Since this decision is within the control of the State, he maintains that Rule 412 requires the State to produce a transcript of the proceedings. Furthermore, he cites recent decisions of this court in support of his position which, he asserts, recognize the need to have grand jury information available to the defense. *People ex rel. Sears v. Romiti (1971), 50 Ill.2d 51; People v. Sears (1971), 49 Ill.2d 14.*

The committee comments to the pertinent sections of Rule 412 consider the scope of the Rule and explain that it adopts the American Bar Association standards for the production of grand jury minutes. (50 Ill.2d R. 412, Committee Comments.) In his brief defendant acknowledges that "the issue involved here has not been clearly defined in Rule 412(a)(iii) or the relevant Committee Comments thereto and that the American Bar Association commentary relating to this issue specifically has avoided

making any recommendation with regard to recording grand jury minutes." American Bar Projects on Minimum Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial. Approved Draft 1970, at 66.

Rule 412 was adopted in light of the *Aughinbaugh* decision. Its plain reading does not require that grand jury proceedings be recorded but only that relevant portions of a transcript of those proceedings be produced upon request if recordation was effectuated. See Zagel and Carr, State Criminal Discovery and New Illinois Rules, 1971 U. Ill. L.F. 557, 579.

The provision of Rule 412 applicable herein is analogous to Rule 6(e) of the Federal Rules of Criminal Procedure. (18 U.S.C.A. Rule 6(e).) Decisions of the various Federal courts of appeal which have considered that rule uniformly hold that failure to record grand jury proceedings is not error (*e.g., United States v. Hedges (10th Cir. 1972), 458 F.2d 188; United States v. Aloisio (7th Cir. 1971), 440 F.2d 705, cert. denied, 404 U.S. 824*) and there is no constitutional requirement that such minutes be recorded (*United States v. Schrenzel (8th Cir. 1972), 462 F.2d 765*). The rationale apparently underlying these decisions is that the prosecution enjoys no advantage in instances where this testimony is not recorded. *United States v. Kind (4th Cir. 1970), 433 F.2d 339.*

We therefore hold that our decision in *Aughinbaugh* is controlling insofar as it requires the State on request to produce relevant grand jury testimony which has been recorded. The failure of the State to have these proceedings recorded does not require dismissal of the indictment.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*