THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM H. STINGER, JR., Defendant-Appellee—(WILLIAM R. KETCHAM, Appellant).

(No. 73-79; ▮▮▮▮▮▮▮▮)

Second District—October 3, 1974.

Gerry Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., Assistant State's Attorney, of counsel), for appellant.

Ralph Ruebner and Adam Lutynski, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE MORGAN delivered the opinion of the court:

This is an appeal by William R. Ketcham, State's Attorney of Kane County, from a finding of the circuit court of that county that he was in contempt of court. Based on that finding he was fined the sum of $100.

William H. Stinger, Jr., was prosecuted by indictment for the offenses of murder, attempted murder and armed robbery and was convicted and sentenced for each of these offenses on a plea of guilty. He has filed an appeal from such convictions.

Prior to the return of the indictment and upon the motion of the de-

fendant's counsel at the preliminary hearing an order was entered requiring the presence of a court reporter at any subsequent grand jury hearing concerning the defendant. No court reporter was present at the grand jury hearing which resulted in the indictment of the defendant. The defendant's attorney then filed a petition for a rule to show cause why William R. Ketcham, State's Attorney of Kane County, should not be held in contempt for his refusal to have a court reporter present and a rule to show cause was entered. After argument William R. Ketcham was found to be in contempt of court and was ordered and sentenced to pay a fine of $100. It is from this finding and order and fine that William R. Ketcham appealed.

The issue is whether the circuit court had jurisdiction and power to order the presence of a court reporter at the grand jury proceedings. Certain it is that the State has no duty under Supreme Court Rule 412 to record grand jury testimony (*People v. Lentz,* 55 Ill.2d 517). Prior to the enactment of Supreme Court Rule 412 the supreme court had held that there was no requirement that the testimony of witnesses before a grand jury be recorded, constitutional or otherwise (*People v. Aughinbaugh,* 36 Ill.2d 320). The Illinois cases are also supported by a number of Federal cases (*United States v. Hedges* (10th Cir. 1972), 458 F.2d 188; *United States v. Schrenzel* (8th Cir. 1972), 462 F.2d 765; and *United States v. Kind* (4th Cir. 1970), 433 F.2d 339).

The question in this case, however, is not whether there is a duty to record grand jury minutes but whether the circuit judge had the power and authority to in effect order the State's Attorney to have a court reporter present at the expense of Kane County to transcribe the testimony. The appellee cites *United States v. Thoresen* (9th Cir. 1970), 428 F.2d 654, and *United States v. Price* (9th Cir. 1973), 474 F.2d 1223, as authority for the proposition that the court does have such power and authority. The Federal courts in the 9th circuit have a rule making the recording or transcribing of grand jury testimony permissive but not mandatory. The *Price* case holds that even though it is permissive and not mandatory the court cannot arbitrarily deny a motion to require the testimony to be recorded and transcribed without a hearing and without a proper finding. The State courts in Illinois have no such rule.

Section 112—6 of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 112—6) provides that "If no reporter is assigned by the State's Attorney to attend the sessions of the Grand Jury, the court, on petition of the foreman and 11 other grand jurors, may for good cause appoint such reporter." The appellant contends that this statute should be strictly interpreted and the only way a reporter should be brought in before a grand jury is for the State's Attorney to assign one or for the court to

appoint one upon such petition. The appellee on the other hand contends that under the supervisory powers of the court the order that was entered was perfectly proper and quotes extensively from the case of *People v. Sears*, 49 Ill.2d 14.

██ The question in this case is not whether the court under its supervisory powers during the impaneling of the grand jury or shortly before that impaneling may on his own motion or on motion of defendant's counsel assign a reporter or appoint a reporter to record the testimony of the witnesses before the grand jury and transcribe it; the question raised here is whether he has authority to order or require the State's Attorney to assign one. The State's Attorney by statute is charged with the commencement and prosecution of criminal cases in his county and he is granted certain discretionary powers. The Illinois Constitution divides the powers of government among the executive, legislative and judicial departments and provides that none of these should exercise powers belonging to the others (article II of the Illinois Constitution).

██ The State's Attorney's office is a part of the executive branch. It is clear that the judicial department may not take as its own those discretionary powers vested in an executive officer. (See *People v. Henry*, 20 Ill.App.3d 73, and *People v. Rotramel*, 5 Ill.App.3d 196, 198.) The State's Attorney in performing his discretionary duties could assign or not assign a reporter to the grand jury as he saw fit or could assign it in certain cases and not in other cases or to certain witnesses and not to other witnesses. Accordingly, the court exceeded its authority in entering the order that was entered.

The next question is whether or not conceding that it did enter an improper order, is the State's Attorney nevertheless in contempt of court for failure to obey it? The appellee suggests that he had other remedies; that he could have filed a motion for a rehearing; or he could have filed a petition for mandamus and prohibition and that so long as the court has jurisdiction of the subject matter and the parties he is bound to obey the order entered. In *Cummings-Landau Laundry Machinery Co. v. Koplin*, 386 Ill. 368, 385-386, the court said: "The principle is of universal force that the order or judgment of a court having jurisdiction is to be be obeyed, no matter how clearly it may be erroneous. * * * It would certainly be an innovation and establish a dangerous precedent to hold that the power of a court to punish for contempt for a violation of its injunctional, or other, orders, is dependent upon the affirmance of such orders by the highest court to which an appeal might be taken." In *Faris v. Faris*, 35 Ill.2d 305, 309, the court said: "One is justified in refusing to comply with a court order only if such order is utterly void, but it is no defense in a contempt proceeding to show that the order

was merely erroneous." In *City of Chicago v. King*, 86 Ill.App.2d 340, 354, the court said: "* * * contempt will not lie for violation of a void decree * * * but voidness is established when the issuing court is found to have lacked jurisdiction to enter such an order. * * * The test of jurisdiction is said to be whether the court has power to enter into the inquiry before it, and this is determined by (1) jurisdiction of the parties, (2) jurisdiction of the subject matter, and (3) power in the court to decide the particular matters presented. All such factors being present, the correctness of the court's determination has no bearing upon the initial question of jurisdiction."

In this case there is no question about jurisdiction of the parties or jurisdiction of the subject matter. The question is whether the court had power to decide the particular matter before it and in effect order the State's Attorney to assign a reporter to the grand jury. In *People v. Smith*, 5 Ill.App.3d 429, the State's Attorney was held in contempt of court and fined $25 for refusing to produce the totality of information relating to the defendants in the particular case before the court and the charges of which they were convicted. The State's Attorney did not comply with that order and in fact refused to comply with it. The court found in that case that the trial court had exceeded its power in entering such an order and the court looked to the validity of the underlying order to determine whether or not the respondent was in contempt of court. The Supreme Court reached a like result in *People v. Sears*, 49 Ill.2d 14, where the special State's Attorney was found in contempt of court and fined for failure to subpoena all of the witnesses that were subpoenaed and heard by the Federal grand jury and in violation of the circuit court's order. A like result was, also, reached in *People v. Ryan*, 30 Ill.2d 456.

Section 112—6 of the Code of Criminal Procedure provides that the court on petition of the foreman and 11 other grand jurors may for good cause shown appoint a reporter. It may very well be that under the supervisory powers of the circuit court that the court could in its discretion upon proper motion or otherwise appoint a reporter to attend the session of the grand jury and transcribe the testimony. It is one thing for the court to appoint a reporter under the statute upon a proper petition and quite another thing to order the State's Attorney who is a separate constitutional officer to assign a reporter.

■■ Accordingly it is the judgment and finding of this court that the trial court exceeded its powers in ordering and directing the State's Attorney to assign a reporter at any grand jury hearing concerning the defendant. This court has the right in that situation to look to the validity of the underlying order. It does hereby determine that the under-

lying order was entered without authority. Accordingly, the finding and judgment of contempt was erroneous and is hereby reversed.

Judgment reversed.

EBERSPACHER and CREBS, JJ., concur.