(No. 54805.—

(No. 55592.—

*In re* R.R., a Minor, Appellant (The People of the State of Illinois, Appellee).—*In re* M.J.F., a Minor, Appellee (The People of the State of Illinois, Appellant).

*Opinion filed October 22, 1982.*

Robert Agostinelli and Steven Clark, Deputy Defenders, and Elizabeth Clarke, Assistant Defender, of the Office of the State Appellate Defender, of Chicago (Dan Yuhas, Deputy Defender, and James Woodward, Assistant

Defender, of the Office of the State Appellate Defender, of Springfield, of counsel), for appellant R.R.

Tyrone C. Fahner, Attorney General, of Springfield, and John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Tyrone C. Fahner, Attorney General, of Springfield, and James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Kenneth A. Wilhelm, of the State's Attorneys Appellate Service Commission of Ottawa, of counsel), for the People.

Steven Clark, Deputy Defender, and Elizabeth Clarke, Assistant Defender, of the Office of the State Appellate Defender, of Chicago (Dan Yuhas, Deputy Defender, and James Woodward, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, of counsel), for appellee M.J.F.

JUSTICE SIMON delivered the opinion of the court:

In this consolidated cause we are called upon to decide whether a minor's contempt-of-court citation based on violation of a supervision order may stand when the order providing for supervision failed to specify a definite period of time. In view of our recent holding in *In re T.E.* (1981), 85 Ill. 2d 326, we conclude that it may not.

In cause No. 54805, R.R., who had tried to poison her mother and was beyond the control of her parents, was adjudicated a minor otherwise in need of supervision by the Peoria County juvenile court. Subsequently she was

held in contempt of court and sentenced to 15 days' confinement in the Peoria County Juvenile Detention Center. The basis for the contempt citation was that she had without good reason failed to keep several appointments with a therapist, had failed to make any appointment to see another therapist to whom she had been assigned pursuant to the court's supervision order, and had been absent for three nights from the foster home in which she had been placed. She appealed the contempt sentence, one of the grounds being that the underlying supervisory order on which the contempt charge was based was void *ab initio* for failure to specify a term. The appellate court held that the indefiniteness of the supervisory period rendered the underlying order merely voidable rather than void; it remanded the cause to the juvenile court for specification of a term of supervision and held that the defect in the original order did not divest the court of its power to issue a contempt citation based on it. (93 Ill. App. 3d 327.) R.R. sought leave to appeal to this court, which we granted.

In cause No. 55592, M.J.F. was adjudicated a minor otherwise in need of supervision by the Rock Island County circuit court, which found that she had run away from home on many occasions. She was made a ward of that court and placed on probation-supervision for an unspecified period of time at a group home, on condition that she attend school regularly and not run away from the home. Subsequently the State filed a motion alleging that M.J.F. had been "on run" and truant. After a hearing she was held in contempt and sentenced to serve 30 days in the Rock Island Juvenile Detention Center. The appellate court in the same district that decided R.R. held, in an unpublished order (98 Ill. App. 3d 1205), that the failure of the original probation-supervision order to specify a term rendered it void and incapable of forming the basis for a contempt citation. The State sought leave

to appeal this ruling to this court. We granted leave to appeal and consolidated this appeal with cause No. 54805.

It is established in this State that an order placing a minor on probation must be for a definite term to be enforceable (*In re Sneed* (1978), 72 Ill. 2d 326, interpreting section 5—3 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—3)) and that probation orders are void if they do not state such a term (*In re T.E.* (1981), 85 Ill. 2d 326). The State argues that supervision intrudes less upon a minor's liberty than does probation and was intended by the statute to be a more flexible disposition, particularly with regard to modification and revocation, and thus should not be held to the same standard of definiteness.

The State correctly points out that the Juvenile Court Act requires notice and a hearing before probation may be revoked or extended (Ill. Rev. Stat. 1979, ch. 37, pars. 705—3(6), (7)), while it places no such limitations on extension of supervision (*e.g.*, Ill. Rev. Stat. 1979, ch. 37, pars. 705—3(9), 705—4). Nor is supervision subject to the maximum period of five years which governs probation. (Ill. Rev. Stat. 1979, ch. 37, par. 705—3(1); see *In re Sneed* (1978), 72 Ill. 2d 326, 334.) However, these differences alone should not determine how definite a binding order of supervision must be. Section 5—3(9) of the Act provides that "[r]ules or orders of court must specify the term and conditions of supervision ordered under this Act" (Ill. Rev. Stat. 1979, ch. 37, par. 705—3(9)) and allows the court to "modify or terminate the order of supervision" when it finds that the interests of the minor and the public would be best served by so doing. Thus the statute contemplates that orders of supervision are to be "flexible," as the State maintains, but only in the sense that they be subject to modification should the need arise. Probation orders, too, are subject to modifi-

cation, although this would require notice and a hearing, as we have noted. Moreover, supervision cannot be meaningfully "modified" if its original time terms are unstated, as in the instant cases. It is only when the period of supervision is defined that it is susceptible to "modification" in the best interests of the minor and the public; an indefinite period can arguably be tailored at a judge's will to meet his evolving perception of the interests of the minor and the public, but that would be giving definition to the period of supervision, not a modification or a changing of it. The provision of section 5—3(9) requiring supervision orders to "specify the term" must be read literally if the provision allowing courts to "modify" the orders is to be meaningful as written.

Further support for according supervision orders the same treatment that is given to probation orders emerges from analysis of the State's contention that supervision intrudes less on a minor's liberty than does probation. We acknowledge that only those minors who have been adjudged delinquent under the Juvenile Court Act may be placed on probation (Ill. Rev. Stat. 1979, ch. 37, par. 705—2(a)) and that probation can thus be viewed as a substitute for detention, which may still be imposed should the minor violate the conditions of probation (Ill. Rev. Stat. 1979, ch. 37, pars. 705—2(a)(5), 705—3(6)). In contrast, supervision orders may issue merely on a showing that the minor is habitually truant or beyond the control of his parents, without any finding of delinquency, and thus cannot be viewed as a substitute for criminal punishment. (See, *e.g.*, Ill. Rev. Stat. 1979, ch. 37, pars. 705—2(b), 705—3(9).) This does not mean, however, that supervision does not have the effect or intent of restricting the minor's liberty, or that the difference between probation and supervision in this regard is significant enough to merit different legal treatment. It is

incorrect, for one thing, to treat supervision in all cases as something that is imposed to protect the minor rather than to protect society from the minor, as the State invites us to do. As explained above, section 5—3(9) of the Juvenile Court Act provides for modification or termination of supervision orders when it is in "the best interests of the minor *and the public*" to do so (emphasis added) (Ill. Rev. Stat. 1979, ch. 37, par. 705—3(9)). Clearly the statute intends, at least in part, that judges consider the impact on society of releasing a minor with a given background and a given set of propensities; the most one can say for the State's contention that supervision is aimed at protecting minors is that this is one of the purposes of supervision.

Nor is it proper to conclude that because supervision is not a substitute for physical incarceration it may not have consequences resulting in physical incarceration. The instant cases illustrate this. Detention for contempt of court has recently been held to be a remedy for violation of the conditions of supervision, just as it is for violation of probation. (*In re G.B.* (1981), 88 Ill. 2d 36.) The loss of liberty is as significant whether imposed for the one or for the other, and in many cases it may not be substantially less of a penalty than the sentence which a minor who violates probation might receive when his probation is revoked. Inasmuch as it is improper to give no notice as to the length of a probation order whose violation can lead to incarceration and a contempt-of-court record, failure to give such notice as to a supervision order should be similarly condemned, particularly because the statute requires notice in so many words.

The State next argues that even if duration must be specified in supervision orders, lack of such specification renders them voidable, rather than void. Thus, the State argues, failure on the part of R.R. and M.J.F. to attack the orders when they were newly issued and subject to

direct challenge should prevent them from doing so collaterally here. Again, we see no distinction between probation and supervision which would justify different treatment. In *In re T.E.*, we said:

> "[T]he trial courts lacked the statutory authority under the Juvenile Court Act to place the minors on an indefinite term of probation. Those portions of the judgment granting probation for an indefinite term were consequently void and of no effect." (85 Ill. 2d 326, 336.)

The same considerations apply here. We see no reason to depart from the pronouncement of *T.E.* that an unauthorized order is void.

In view of our holding that the underlying orders of supervision were void, the contempt citations and sentences of detention based on the orders were without foundation and must be overturned. (*People v. Williams* (1981), 87 Ill. 2d 161, 167.) It is thus unnecessary to consider the other issues urged by the minors in these cases. The appellate and circuit court judgments in the case of R.R. are reversed, and the appellate court judgment in the case of M.J.F. is affirmed. The causes are remanded to the respective circuit courts for proper assessment of a term of supervision.

> *54805 — Judgments reversed; cause remanded, with directions.*
>
> *55592 — Appellate court affirmed; circuit court reversed; cause remanded, with directions.*