In re MARRIAGE OF MARY ANN PAGE, Petitioner-Appellee, and PATRICK J. PAGE, Respondent (Patrick J. Page, Contemnor-Appellant).

Second District   No. 2—87—0084

Opinion filed November 10, 1987.

John C. Banbury, of Banbury & Davis, of Aurora, for appellant.

Randy K. Johnson, of Law Office of Robert A. Chapski, Ltd., of Elgin, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Patrick Page (Husband) was found in indirect criminal contempt for violating a court order entered June 23, 1986, and sentenced to serve 90 days in the Kane County jail with 80 days suspended. Husband was again found in contempt for violating the same order on December 22, 1986, and was ordered to serve the remainder of the 90-day sentence. After denial of his post-hearing motions, Husband appealed.

Husband raises the following issues on appeal: (1) whether the trial court had the power to enter the June 23, 1986, order requiring him to seek or find employment; (2) whether the trial court order of June 23, 1986, was invalid because it required him to perform an act outside of his control; (3) whether he in fact complied with the June 23, 1986, order thereby rendering the contempt finding improper; (4) whether the trial court denied him due process when it reinstated his sentence on December 22, 1986; and (5) whether the September 30, 1986, contempt order was improper because it failed to identify the specific factual bases for the finding that he wilfully disobeyed the June 23, 1986, order.

The parties' marriage was dissolved in 1980. The judgment of dissolution of marriage required, in pertinent part, that Husband pay $100 per week in child support. After Husband became delinquent in the child support payments, Mary Ann Page (Wife) sought redress in the circuit court. In April 1983, Wife filed a petition for a rule to show cause why Husband should not be held in contempt for failure to pay child support, upon which the court later ruled that Husband had not wilfully failed to make the payments. However, arrearages were found and the amount ordered paid from social security benefits. After numerous motions by Wife, including another petition for a rule to show cause, the court again ruled, in May 1985, that Husband was not in contempt for failing to make child support payments, although his interest in the marital home was reduced by his arrearages in child support.

More importantly, in December 1984, the court began to monitor Husband's employment efforts by ordering him to partake in an employment training program. Since the dissolution of marriage, Husband had a severe drinking problem and was no longer regularly em-

ployed. On March 17, 1986, the court ordered Husband to supply copies of any correspondence with the employment training program and to report to the court on his efforts in finding employment. On May 22, 1986, after a rule to show cause had been issued, the court dismissed the rule and continued the matter as to Husband's employment status to June 23, 1986.

Although no petition for a rule to show cause was pending, on June 23, 1986, the court entered an order, which is the focus of this appeal, requiring "[t]hat the Defendant shall apply for Public Aid and apply for employment in any endeavor which will hire him." On July 30, 1986, Wife filed a petition for rule to show cause why Husband should not be held in contempt for failure to comply with the March 17, 1986, May 22, 1986, and June 23, 1986, orders. Additionally, on July 30, 1986, the court entered a rule to show cause. After a continuance to September 22, 1986, the court issued a body writ which was subsequently stayed until September 30, 1986.

On September 30, 1986, the court conducted a hearing regarding Husband's compliance with the June 23, 1986, order. After testimony by Husband as to his efforts to seek employment, the court found him in indirect criminal contempt for failure to comply with its June 23, 1986, employment order. The court sentenced Husband to 90 days in the Kane County jail, but suspended 80 days of the sentence. Additionally, the court continued "all prior orders in full force and effect in terms of seeking meaningful employment" to November 10, 1986, for further review.

After a continuance, a hearing was set for November 15, 1986, at which time Husband and his attorney failed to appear. The court entered an order lifting its prior stay of mittimus and ordered Husband to serve the remainder of the 90-day sentence. Husband subsequently moved to vacate the November 15, 1986, order and a hearing on the motion was set for December 22, 1986.

At the December 22, 1986, hearing, the court heard testimony from Husband and a real estate broker who was employing Husband on a commission-only basis. After hearing testimony and counsel's arguments, the court found Husband "in contempt [because] *** you have not fulfilled the employment orders of this court." The court vacated the stay of its mittimus and ordered Husband to serve the balance of the 90-day sentence.

Husband subsequently moved, among other things, for rehearing or to vacate the order. On January 22, 1986, after a hearing on Husband's motion, the court denied Husband's motion for rehearing or to vacate and granted his motion for recognizance bond.

■ Although Husband presents numerous contentions as to why the findings of contempt and subsequent sentences are improper, his challenge to the underlying June 23, 1986, order requiring him to apply for employment is dispositive of this appeal. We initially note that a trial court has the inherent power to enforce its orders by way of contempt. (*In re G.B.* (1981), 88 Ill. 2d 36, 41, 430 N.E.2d 1096.) Additionally, a reviewing court will not disturb a contempt finding unless it is against the manifest weight of the evidence or there is an abuse of discretion. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 287, 469 N.E.2d 167.) However, where the underlying order is void, the contempt judgment must be vacated. (*In re R.R.* (1982), 92 Ill. 2d 423, 430, 442 N.E.2d 252; *People v. Williams* (1981), 87 Ill. 2d 161, 167, 429 N.E.2d 487.) Furthermore, an order is considered void if the trial court did not have jurisdiction over the parties or the subject matter or if it did not have the power to enter the order. *People v. Huntley* (1986), 144 Ill. App. 3d 64, 68, 493 N.E.2d 1193; *In re Adoption of Schumacher* (1983), 120 Ill. App. 3d 50, 55, 458 N.E.2d 94; *People v. Stinger* (1974), 22 Ill. App. 3d 371, 373-75, 317 N.E.2d 340.

■ It is necessary, therefore, in examining the propriety of the contempt findings, to first examine the validity of the underlying court order. (See *People v. Stinger* (1974), 22 Ill. App. 3d 371, 374, 317 N.E.2d 340.) In this case, the order upon which the subsequent contempt findings were premised was the June 23, 1986, order which required Husband to "apply for Public Aid and apply for employment in any endeavor which will hire him." If we find the June 23, 1986, order to be void, in that the trial court lacked the authority to enter the order, then Husband could not be properly held in contempt for not following the order.

The Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 101 *et seq.*) establishes the authority of the circuit court to fashion and enforce a child support award. Section 505(a) states that "the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable and necessary for his support." (Ill. Rev. Stat. 1985, ch. 40, par. 505(a).) Additionally, section 505 provides:

"(b) Failure of either parent to comply with an order to pay support shall be punishable as in other cases of contempt. In addition to other penalties provided by law the Court may, after finding the parent guilty of contempt, order that the parent be:

(1) placed on probation with such conditions of probation as the Court deems advisable;

(2) sentenced to periodic imprisonment for a period not to

exceed 6 months; provided, however, that the Court may permit the parent to be released for periods of time during the day or night to:

(a) work; or

(b) conduct a business or other self-employed occupation." Ill. Rev. Stat. 1985, ch. 40, par. 505.

■ The Act does not provide for any other method of enforcement or punishment beyond that set forth in section 505. It clearly does not authorize the trial court to order a person to seek or find employment, except as may be permitted upon a finding of contempt and as a condition of probation if imposed pursuant to section 505(b)(1). (Cf. Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—3(b)(3).) Nor does our research indicate any authority for the trial court's issuance of an employment order under these circumstances. Although the trial court may have been well-intentioned in fashioning an order that required Husband to seek or find suitable employment, it did not have the statutory authority to do so where, as here, the employment order was not entered following a rule to show cause and a finding of contempt as set forth in section 505(b)(1).

As we hold that the circuit court lacked authority under the facts here to enter the June 23, 1986, employment order, it is unnecessary to address the remaining issues raised by the parties. We therefore reverse the December 22, 1986, order of the circuit court finding Husband in contempt and lifting the stay of mittimus as to the remaining 80-day sentence in the Kane County jail. We also remand to the trial court to vacate that portion of the September 30, 1986, order imposing an 80-day suspended sentence. As Husband does not request any relief from the part of the September 30, 1986, contempt order for which he served 10 days in jail, that part of the order is not before us for review.

Reversed and remanded with directions.

LINDBERG, P.J., and INGLIS, J., concur.