*In re* ESTATE OF DAVID STEINFELD, A Disabled Person.

First District (6th Division)   No. 1—91—2665

Opinion filed July 10, 1992.—Modified on denial of
rehearing September 4, 1992.

Widman, Goldberg & Zulkie, Ltd., of Chicago (Joel L. Widman, of counsel), for appellants.

Flamm & Teibloom, Ltd., of Chicago (Joel D. Teibloom, of counsel), for appellee.

JUSTICE RAKOWSKI* delivered the opinion of the court:

David Steinfeld, 48, was adjudicated a disabled person, and Rosemarie Hoddick was appointed plenary guardian of his person on June 8, 1989, as the result of a petition filed by David's mother, Lotte. In the succeeding two years, Lotte Steinfeld, David's brother Joseph, and Joseph's wife, K. Janet Steinfeld, attempted unsuccessfully to remove Hoddick as guardian and have Joseph appointed successor guardian. In 1991, while the proceedings to remove Hoddick were still pending, the probate court gave Joseph and K. Janet Steinfeld (the Steinfelds) permission to take David to visit his family in California. In August of 1991, after the Steinfelds failed to return David to Illinois, the court: (1) held the Steinfelds in contempt of court and (2) denied Joseph Steinfeld's motion to vacate the 1989 order adjudicating David disabled and appointing Hoddick guardian.

---

*Justice LaPorta authored the original opinion before her death. Justice Rakowski, who concurred in that opinion, was substituted for the modified opinion.

Joseph Steinfeld appeals the denial of his motion to vacate the 1989 order contending the order is void for the trial court's failure to comply with the statutory requirements for adjudicating someone disabled and appointing another person his guardian. The Steinfelds also contend the probate court improperly held them in contempt for failure to return David to Illinois because the contempt order as well as all other proceedings in the probate court regarding David were based on the original void adjudication of David's disability and Hoddick's appointment.

The record establishes that in 1989, Lotte Steinfeld petitioned the probate court in Cook County circuit court to adjudicate David to be a disabled person and to appoint Hoddick as guardian of David's person because he lacked sufficient understanding and capacity to make and communicate responsible decisions regarding his own care.

David and his two brothers, Joseph and Tommy, were served with summons according to statutory requirements. (Ill. Rev. Stat. 1989, ch. 110½, par. 11a—10(e).) David was not present at the June 8, 1989, hearing and the trial judge did not inquire into his absence despite a statutory requirement that he be present unless excused by the court upon good cause shown. (Ill. Rev. Stat. 1989, ch. 110½, par. 11a—11(a).) No guardian *ad litem* was appointed for David to be present at the hearing and David was unrepresented. Statute requires that a medical report be filed with the petition and that if one is not filed the court should order that the appropriate medical evaluations be performed and a report be prepared and filed with the petition at least 10 days prior to the hearing. (Ill. Rev. Stat. 1989, ch. 110½, par. 11a—9(b).) The record establishes that no medical report was filed and the court never ordered medical evaluations done prior to the hearing.

■ The statute requires that the court inquire at the hearing regarding: (1) the nature and extent of respondent's general intellectual and physical functioning; (2) the extent of the impairment of his adaptive behavior if he is developmentally disabled, or the nature and severity of his mental illness if he is mentally ill; (3) the understanding and capacity of the respondent to make and communicate responsible decisions concerning his person; (4) the capacity of the respondent to manage his estate and his financial affairs; (5) the appropriateness of proposed and alternate living arrangements; and (6) any other area of inquiry deemed appropriate. Ill. Rev. Stat. 1989, ch. 110½, par. 11a—11(e).

At the hearing, Lotte Steinfeld's attorney stated that Hoddick had been taking care of David for many years. Hoddick told the judge that she spoke with David by phone every week and saw him every

month. Lotte Steinfeld's attorney noted that the petition did not include a medical report as required by statute, but he said he thought the medical report was unnecessary since David had had Down Syndrome since birth. He told the court: "When you see David and talk to him, think of him as a child *** when you talk to him it totally escapes me that he is actually an adult. He had an I.Q. of 62; it says combined I.Q., verbal and functional."

The court entered an order adjudicating David disabled and appointing Hoddick plenary guardian over David's person. The factual basis, required by statute to be stated by the judge, stated: "He has suffered since birth from Down's Syndrome, has a low intelligent quotient, and has low age maturity." Before the hearing ended, the judge ordered Lotte Steinfeld's attorney to "bring in the medical report for the record." The record on appeal includes no medical report.

During the next two years, three petitions were filed regarding this appointment.

### FIRST PETITION
On June 11, 1990, Joseph Steinfeld and Lotte Steinfeld moved to remove Rosemarie Hoddick as guardian because she was unfit and moved to appoint Joseph as successor guardian. On July 11, 1990, the court heard Joseph Steinfeld's testimony and entered an order appointing Kerry Peck as David's guardian *ad litem*, continuing the hearing on the motion to remove Hoddick as guardian. The motion was continued several times but the record does not reflect that the motion was ruled upon or withdrawn.

### SECOND PETITION
On December 20, 1990, Joseph's wife, K. Janet Steinfeld, petitioned to be added as a petitioner and Lotte Steinfeld petitioned to be voluntarily dismissed from the action. Simultaneously Joseph and K. Janet Steinfeld (Steinfelds) filed an amended petition that sought: (1) to remove Hoddick as guardian for cause on the ground of her incompetence; (2) to appoint the Steinfelds as successor guardians; and (3) to obtain an accounting of David's employment paychecks allegedly confiscated by Hoddick. Both the motion and the petition were continued to January 18, 1991, but the record does not indicate that the trial judge ruled upon any the petitions presented to him December 20, or that they were withdrawn.

Before the third petition for Hoddick's removal was filed, the Steinfelds petitioned for and received court permission to take David from Illinois to the Steinfelds' home in California for approximately

four weeks. When the Steinfelds failed to return David by April 16, 1991, the court issued a rule to show cause why the Steinfelds should not be held in contempt for failure to comply with the court's order. At no time did the Steinfelds challenge the court's jurisdiction over David or themselves and they do not do so now on appeal.

### THIRD PETITION

On June 7, 1991, Joseph Steinfeld alone filed a third petition to vacate the order appointing Hoddick as David's guardian. The petition alleged that the trial judge failed to follow the necessary statutory requirements when he entered the original June 8, 1989, adjudication order. Joseph Steinfeld alleged, in part, that the trial judge failed to require the mandatory medical report, require David's presence in court or explain his absence or give David an opportunity to be represented by counsel.

Hearing on the third petition was continued several times, and on August 15, 1991, the court ordered the clerk of the circuit court to diligently search court files to determine whether a medical report ever was filed in the cause. On August 16, Cook County Circuit Court Clerk Aurelia Puchinski certified that no medical report was found in any court files. Hoddick filed a response to the motion to vacate, attaching as an exhibit a psychological report that included David's IQ, which she contended the trial judge had at his disposal when he adjudicated David as a disabled person.

On August 22, 1991, the trial judge heard arguments from Hoddick's attorney, the Steinfelds' attorney and the guardian *ad litem*, with regard to Joseph Steinfeld's third petition to vacate the appointment of Hoddick as plenary guardian of David's person and the adjudication of David as disabled. The trial judge then denied the petition and held that: (1) David had Down Syndrome, was a disabled person and was properly under the supervision of the court; and (2) that the previous trial judge had conducted a hearing "sufficient to appoint" Hoddick.

In addition, the court denied Steinfeld's motion to stay the contempt proceeding, heard arguments on the rule to show cause and then held the Steinfelds in contempt for failure to return David to Illinois as ordered. The court imposed a $50-a-day fine on the Steinfelds beginning August 22, 1991, and denied Peck's request to issue a bench warrant for the Steinfelds. The Steinfelds appeal both the contempt finding and the denial of Joseph Steinfeld's motion to vacate Hoddick's appointment. The contempt finding will be discussed separately below.

Initially Hoddick contends that the Steinfelds should have pursued their opposition to the 1989 order in a timely fashion before the trial court but failed to do so either under the 30-day rule in section 2—1202(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1202(c)) or during the 30-day to 2-year time limit provided in section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). In addition, no notice of appeal was filed within 30 days of adjudication and appointment of guardian as prescribed by Supreme Court Rule 303(b) (134 Ill. 2d R. 303(b)).

In support of her argument that the Steinfelds have failed to challenge the adjudication in a timely manner, Hoddick cites *In re Estate of Kime* (1981), 95 Ill. App. 3d 262, 267-68, 419 N.E.2d 1246 (an order in an estate proceeding which finally determines the right or status of a party *must* be appealed within 30 days from the entry of the order), and *In re Estate of Storino* (1977), 51 Ill. App. 3d 49, 52, 366 N.E.2d 363 (appeal dismissed on final order establishing guardianship for minor children because it was filed three months after the trial judge's ruling).

The Steinfelds contend, however, that the trial judge, in failing to follow statutory requirements in originally adjudicating David disabled, entered an order that is void *ab initio* and therefore one which can be challenged at any time. (*Oak Park National Bank v. Peoples Gas Light & Coke Co.* (1964), 46 Ill. App. 2d 385, 396-97, 197 N.E.2d 73.) A decree may be void where the court has exceeded its jurisdiction (*Oak Park National Bank*, 46 Ill. App. 2d at 395) or lacks jurisdiction (*Barnard v. Michael* (1945), 392 Ill. 130, 135, 63 N.E.2d 858).

■ We disagree with the Steinfelds' position. We find that the 1989 order, though potentially voidable, is not void *ab initio*. A court's action is void only if an inspection of the record establishes that the court acted without jurisdiction. (*Orrway Motor Service, Inc. v. Commerce Comm'n* (1976), 40 Ill. App. 3d 869, 873, 353 N.E.2d 253.) Here the trial court had the authority, by statute, to both adjudicate David as a disabled person and to appoint Hoddick as guardian. That is exactly what the court did. The court's failure to follow statutory procedure in making such an adjudication, however, could render the order voidable. However, such failure to follow statutory requisites does not render the order void *ab initio*.

■ Generally a court loses the power to review its judgments after the passage of 30 days. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294.) Consequently, a request to vacate a prior judgment after the 30-day period following its entry is properly before the trial court only when presented by petition in accordance with

section 2—1401 (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). *Garcia v. Lozada* (1978), 58 Ill. App. 3d 875, 877, 374 N.E.2d 1078.

Section 2—1401 states that "[r]elief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this [s]ection" and that "[t]he petition must be supported by affidavit or other appropriate showing as to matters not of record." Ill. Rev. Stat. 1989, ch. 110, pars. 2—1401(a), (b).

The purpose of a petition under section 2—1401 is to bring before the court matters of fact not appearing in the record, which, if known to the court at the time the judgment was entered, would have prevented its rendition. *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 690, 306 N.E.2d 510.

To request relief under section 2—1401, the petitioner must allege and prove that he has a meritorious defense; that it was through no fault or neglect of his own that the meritorious defense was not presented to the trial court; that he exercised due diligence in defending the original action; and that he exercised due diligence in filing the petition for section 2—1401 relief. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381.

■ Joseph Steinfeld's petition to vacate the 1989 order was filed only one day prior to the expiration of the two-year post-judgment period and did not comply with the statutory requirements necessary for a section 2—1401 petition. Steinfeld has never attempted to argue nor has he contended that he met the requirements of a section 2—1401 petition. We find therefore that Joseph Steinfeld's third petition filed on June 7, 1991, which sought to vacate the 1989 adjudication order, was not timely filed, and we affirm the trial court's denial of the petition though we do so on grounds different than those expressed by the trial court.

■ Although we find that the 1989 order is valid, we voice our concern regarding the trial court's apparent failure to follow statutory guidelines when it adjudicated David a disabled person and appointed Hoddick guardian. The probate judge did not require compliance with a number of procedural safeguards designed to protect David's rights, most importantly David's basic right to be present in court or to be represented by an attorney. The trial judge neither appointed a guardian *ad litem* for David nor indicated on the record that such an appointment was unnecessary. No medical report was filed with the recommendations of a licensed physician as required under section 11a—9 of the Probate Act. (Ill. Rev. Stat. 1989, ch. 110½, par. 11a—9.) The statute sets forth specific inquiries the judge should have made into David's physical and mental well being. Serious questions

remain as to whether adequate inquiries were made as Hoddick now contends since the transcript of the hearing does not reflect compliance with the statutory requirements. Neither the petitioner, Lotte Steinfeld, nor David was present and only Hoddick and Lotte's attorney testified at the adjudication hearing.

Next, we find that the trial judge erred by ruling on the third petition when he previously had not entertained arguments and ruled on the first two petitions filed by the Steinfelds. Properly filed motions should generally be heard and disposed of in the order in which they are filed. *In re Dominique F.* (1991), 145 Ill. 2d 311, 324, 583 N.E.2d 555.

Here the trial judge erred in failing to conduct hearings and rule on the two earlier petitions that sought to remove Hoddick as guardian. The Probate Act permits that, "[u]pon the filing of a petition by or on behalf of a disabled person or on its own motion, the court may terminate the adjudication of disability of the ward, revoke the letters of guardianship of the estate or person, or both." (Ill. Rev. Stat. 1989, ch. 110½, par. 11a—20(a).) The statute permits such a request to be communicated by any means, even by letter, phone call or personal visit to the judge. Ill. Rev. Stat. 1989, ch. 110½, par. 11a—20.

The statute permits any person to bring a petition on David's behalf for removal of Hoddick as plenary guardian (Ill. Rev. Stat. 1989, ch. 110½, par. 11a—20), and therefore the July 1990 and December 1990 petitions by Lotte and Joseph Steinfeld to remove Hoddick as guardian were properly before the court. Hoddick contends that Joseph Steinfeld had no standing to bring such a petition. We disagree. Clearly Lotte Steinfeld had standing because she was the original petitioner in the case. Joseph, particularly in light of his status as a sibling of David, is an interested party and has standing to seek Hoddick's removal. The statute confirms his standing as an interested party in David's adjudication since the statute requires notice be given to adult siblings. Ill. Rev. Stat. 1989, ch. 110½, par. 11a—10(f).

Additionally, the court failed to rule on K. Janet Steinfeld's motion to be added as a petitioner and Lotte Steinfeld's motion to be removed as a petitioner. Both were filed the same day the second petition was filed, December 20, 1990, and neither motion has been withdrawn, heard or ruled on.

The Steinfelds, both on appeal and before the trial court, offer a laundry list of mental and emotional problems they perceive with Hoddick. On appeal this court is asked to determine that Hoddick is an unfit guardian. However, the trial judge has the continuing responsibility to oversee the disabled person's estate and to address the con-

cerns of the interested party about the propriety of the guardian's activities on behalf of David and determine whether the letters of guardianship should be revoked. Ill. Rev. Stat. 1989, ch. 110½, pars. 11a–20, 11a–21.

Therefore, we remand this cause to the trial court so that the court can consider and rule on the first two petitions filed, both as to the removal of Hoddick for cause, and on the motions of K. Janet and Lotte Steinfeld with regard to their status as petitioners.

■ Finally, we address the contempt findings against K. Janet and Joseph Steinfeld. Because the court never granted K. Janet Steinfeld's petition to be joined as a petitioner, the court had no authority over her and the contempt finding against her must be reversed. Because we have already found that the 1989 order was not void *ab initio*, however, we disagree with Joseph Steinfeld's contention that the contempt finding against him cannot stand.

Joseph Steinfeld correctly contends that if a court exceeds its authority in appointing a guardian, all subsequent orders based on that order of appointment are void. *In re R.R.* (1982), 92 Ill. 2d 423, 430, 442 N.E.2d 252 (a contempt citation and sentences of detention based on a void order of supervision were without foundation); *In re Marriage of Page* (1987), 162 Ill. App. 3d 515, 518, 515 N.E.2d 1061 (the trial court exceeded its statutory authority when it ordered the husband in a divorce proceeding to find a job and then held him in contempt for not doing so).

However, on appeal the reviewing court will set aside a finding of contempt only after it determines the court had no authority to enter into the inquiry before it. In doing so we must determine whether the court had (1) jurisdiction over the parties, (2) jurisdiction over the subject matter, and (3) power to decide the particular matters presented. It is no defense to a charge of contempt to show that the order was merely erroneous. Rather, the order must be void *ab initio*. (*People v. Huntley* (1986), 144 Ill. App. 3d 64, 68, 493 N.E.2d 1193.) We have concluded here that the original order was not void *ab initio*.

■ Joseph Steinfeld has never challenged the court's jurisdiction over his person or over the subject matter with regard to his petition for leave to take David to California for a visit. He submitted to the court's jurisdiction when he filed the first, second and third petitions to remove Hoddick as guardian. The court permitted Joseph Steinfeld a four-month period of time after his violation of the court order in which to return David to Illinois. Given those facts, Joseph Steinfeld cannot now challenge the court's authority to enter the contempt finding on jurisdictional grounds.

In summary, we affirm the contempt finding against Joseph Steinfeld and the trial court's denial of Steinfeld's motion to vacate the 1989 order adjudicating David as disabled and appointing Hoddick guardian. We reverse the contempt finding against K. Janet Steinfeld. We remand this cause to the trial court for further proceedings on the petitions to add K. Janet Steinfeld as a petitioner, remove Lotte Steinfeld as a petitioner and remove Hoddick as guardian for cause under the court's continuing authority to address the propriety of the guardian's exercise of authority on David's behalf.

Affirmed in part; reversed in part and remanded.

EGAN,* P.J., and McNAMARA, J., concur.

---

*Justice LaPorta authored the original opinion before her death. Justice Egan was substituted for the modified opinion, and he has listened to the oral argument tape and read the briefs and the petition for rehearing.