THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BENJAMIN D. HUNTLEY, Defendant-Appellee (David G. Waltrip, Contemnor).

Fifth District No. 5—85—0226

Opinion filed June 3, 1986.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Service Commission, of counsel), for the People.

No brief filed for appellee.

JUSTICE WELCH delivered the opinion of the court:

This appeal is from an order entered in the circuit court of Jackson County by the honorable Richard E. Richman finding assistant State's Attorney David E. Waltrip in contempt of court for failing to comply with the court's order made in open court to produce certain police reports for the defense counsel prior to defendant's preliminary hearing. On appeal, the State argues that the court did not have authority to order the State's Attorney to produce photocopies of the police reports, since the discovery rules were not applicable prior to the preliminary hearing and that the State had authority to charge privately retained counsel for cost of copying the requested police reports prior to production. We reverse.

The record reveals the following facts. On December 4, 1984, the defendant was charged by information with burglary and theft. On January 3, 1985, the court set his bail at $2,000 and his preliminary hearing for January 23. Prior to the preliminary hearing, the defendant filed a request for production of certain police reports, relying on *People ex rel. Fisher v. Carey* (1979), 77 Ill. 2d 259, 396 N.E.2d 17.

When the case was called for the preliminary hearing on January 23, 1985, defense counsel requested a continuance because the State had not complied with its request for production of certain police reports. In response, the assistant State's Attorney, David Waltrip, stated that defense counsel, who was privately retained, had refused to pay for the cost of the copies. After the court questioned Waltrip regarding the 10 cent charge, the court ordered the State "to turn over within two hours to the attorney for the defendant the material requested by 3:00 p.m. that day." In response to the court's order, Waltrip requested "[t]hat Mr. Schwartz comply with the requirements of *People ex rel. Fisher v. Carey* and subpoena those records."

When the court reconvened at 3 p.m., the court asked the State if it had complied. The State's Attorney, John Clemons, responded in the negative. Clemons further stated that, in light of *Carey,* his administration and the two prior administrations developed a system in which defense attorneys would not have to subpoena the various police departments for the reports. All the attorney would need to do is file a request for production with the State's Attorney and then the State's Attorney's office would provide copies of the police report. However, Clemons stated that the copying of the reports became time consuming and costly. Under his alleged powers to control the internal operations of his office, he began charging only privately retained

counsel 10 cents a sheet for the cost of labor to copy the reports. The monies received from the copying fees were deposited into a State's Attorney's fund. Further, Clemons stated that this system for charging privately retained counsel for copying was similar to the system used between private counsel in civil cases and that he did not feel the State was doing anything unauthorized, unreasonable or not within the local customs. While those attorneys affected by the system paid the 10 cent charge, the defense counsel's firm in this case refused to pay and became delinquent. Thus, State's Attorney Clemons decided to refuse production of copies of police reports without payment first. He then stated that if defense counsel wanted discovery prior to preliminary hearing, he will have to subpoena the police department for the records. After the State presented its argument, assistant State's Attorney Waltrip persisted in his refusal to obey the court's order to produce. The trial court at that time found assistant State's Attorney Waltrip in direct criminal contempt and fined him $10.

The State argues on appeal that the trial court did not have authority to order it to produce the police reports prior to the preliminary hearing because the discovery rules were not operative. The State cites Supreme Court Rule 411 which provides:

> "These rules shall be applied in all criminal cases wherein the accused is charged with an offense for which, upon conviction, he might be imprisoned in the penitentiary. They shall become applicable following indictment or information and shall not be operative prior to or in the course of any preliminary hearing." (87 Ill. 2d R. 411.)

The rationale behind Rule 411 is that a preliminary hearing is not intended to be a discovery proceeding. (*People v. Horton* (1976), 65 Ill. 2d 413, 417, 358 N.E.2d 1121, 1124.) Furthermore, any authority "a trial court may have had to order pretrial discovery, absent specific rules, is not relevant after adoption of the supreme court rules." (*People v. Elbus* (1983), 116 Ill. App. 3d 104, 107, 451 N.E.2d 603, 605.) Once the discovery rules are operative, the court may issue suitable orders to cause certain material to be made available to defense counsel. 87 Ill. 2d R. 412(g).

▄ In this case, the defendant Huntley had been charged by information and defense counsel sought discovery prior to the preliminary hearing. Under Rule 411, the discovery rules were not operative. If a grand jury had indicted the defendant, the defense counsel would have been able to seek discovery after indictment. Thus, when the court ordered the State to produce certain police reports prior to the

preliminary hearing, it abused its discretion because the court lacked authority under Supreme Court Rule 411. However, the defense counsel argued that it should be able to discover the copies of the police report based upon the *Carey* decision.

Under *People ex rel. Fisher v. Carey,* the Illinois Supreme Court held that a police report may be subject to a *subpoena duces tecum* after charging of the accused (which includes a formal complaint as well as an information or an indictment) but prior to the preliminary hearing so long as the subpoena is not oppressive, unreasonable, or overbroad. Of significance is the fact that the *Carey* court held that although a defendant may subpoena the police reports from the police departments, neither the defendant nor the State may place the State's Attorney as a conduit for the subpoenaed material. Rather, the court found that since the subpoena is constitutionally and statutorily independent of the discovery rules, the subpoenaed material should go directly to the court. At that point, the trial court will determine the relevance and materiality as well as whether the material is privileged.

Under *Carey,* since the court may issue a *subpoena duces tecum* upon the police department for certain police reports prior to the preliminary hearing and after indictment, information, or formal complaint, that issuance is conditioned upon defense counsel's formal request. In this case, the defendant neither sought nor requested a *subpoena duces tecum.* After the State's Attorney's initial refusal, it became incumbent upon defense counsel to seek a subpoena under *Carey. Carey* does not stand for the proposition that defense counsel may make a simple request to the State's Attorney for the police reports. Rather, *Carey* provides counsel an opportunity to better prepare a client's defense at that critical stage, to provide effective cross-examination of witnesses, and to discover weaknesses in the State's case. Thus, in this case, defense counsel should have sought a *subpoena duces tecum.*

 Since this court has found that the trial court lacked authority under Rule 411 to order the State to produce the requested police report, the remaining issue is whether or not the contempt charge will stand. While contempt is a proper means for the court to enforce its orders, contempt will not lie where the court lacked jurisdiction to enter such an order. (See *People v. Stinger* (1974), 22 Ill. App. 3d 371, 374, 317 N.E.2d 340, 342, citing *City of Chicago v. King* (1967), 86 Ill. App. 2d 340, 354, 230 N.E.2d 41, 48.) However, the trial court's order, no matter how erroneous, must be obeyed, under "pain of contempt," until set aside. (*City of Chicago v. King* (1967), 86 Ill. App. 2d

340, 230 N.E.2d 41.) Upon appeal, the reviewing court will set aside a finding of contempt after it determines whether the court had power to enter into the inquiry before it. In doing so, it will determine whether the court had (1) jurisdiction over the parties, (2) jurisdiction over the subject matter, and (3) power to decide the particular matters presented. However, it is no defense of contempt to show that the order was merely erroneous. Rather, the order must be void *ab initio*. *People v. Stinger* (1974), 22 Ill. App. 3d 371, 317 N.E.2d 340; *City of Chicago v. King* (1967), 86 Ill. App. 2d 340, 230 N.E.2d 41.

■ In this case, although the court had jurisdiction over the parties and the subject matter, it lacked the power under Rule 411 to order the State to produce the photocopies of the report. Thus, the order was void *ab initio,* and the contempt charge must be reversed.

Illustrative of this court's position is *People v. Stinger.* In *Stinger,* the court found the State's Attorney in contempt for refusing to provide a court reporter at a grand jury proceeding. On appeal, the court reversed the finding of contempt because it found that the court did not have power to decide the particular matter because the statute provided the necessary procedure. The statute provided that either the State's Attorney may assign a court reporter or the court upon a petition of the foreman and 11 other grand jurors may for good cause appoint such reporter. Thus, the court's order took as its own discretionary powers vested in the executive officer. On appeal, the court found that the order was void and reversed the contempt charge.

As in *People v. Stinger,* the trial court in this case ordered the assistant State's Attorney to produce photocopies of certain police reports prior to the preliminary hearing. Although the court had jurisdiction over the parties and subject matter, it did not have the power to enter the order under Supreme Court Rule 411. As such, the order was not merely erroneous but void *ab initio.* Thus, the contempt charge must be reversed.

In light of our decision on the previous issues, this court does not find it necessary to decide the State's remaining issue.

For the foregoing reasons, the judgment of the circuit court of Jackson County is reversed.

Reversed.

JONES and HARRISON, JJ., concur.