13 October 1999

No. 2--98--0602 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Kane County.

)

Plaintiff-Appellee, )

) No. 93--CF--433

v. )

)

WALTER COLEMAN, ) Honorable

) Grant S. Wegner,

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE COLWELL delivered the opinion of the court:

Following a bench trial, defendant, Walter Coleman, was found guilty of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1992)) and was sentenced to 15 months' incarceration.  Defendant timely appeals and contends that the trial court erred when it denied his motion to dismiss the indictment against him because the State's loss or destruction of the substance that he allegedly possessed resulted in a violation of his due process rights.  We agree and reverse.

On March 27, 1993, a complaint for a preliminary hearing was filed against defendant.  The complaint alleged that on March 26, 1993, defendant unlawfully possessed less than 15 grams of a substance containing cocaine.  On April 8, 1993, defendant failed to appear for his initial court appearance and a warrant was issued.  Defendant remained on warrant status until January 28, 1998, when he was arrested.  From the time that the warrant was issued in 1993 until defendant's arrest in 1998, the State apparently took no further action on defendant's case.

On February 23, 1998, the State filed an indictment against defendant charging him with unlawful possession of a controlled substance.  On February 27, 1998, defendant filed a motion for discovery.  In his discovery motion, defendant requested an opportunity to examine any tangible objects that the State had seized from him and intended to use against him.  On March 11, 1998, the State filed its answer to defendant's discovery motion.  The answer indicated that the State "may or may not" offer into evidence the cocaine that defendant allegedly possessed.  On March 24, 1998, the trial court entered an order requiring the county sheriff to make evidence (presumably the alleged cocaine) that was listed in a certain police report available for inspection by defendant's counsel and counsel's investigators.

Defendant subsequently filed a motion seeking to dismiss the indictment against him or to bar the State from introducing "evidence relating to any controlled substances including evidence regarding lab testing results performed on any substances."  In the motion, defendant asserted that the alleged cocaine had been lost or destroyed and that this constituted a violation of his due process rights and a violation of discovery orders.

On April 22, 1998, the trial court entered an order stating that the parties stipulated that "the evidence in question, alleged to be controlled substances, has been either lost or destroyed and is no longer available."  On the same date, the trial court conducted a hearing on defendant's motion to dismiss the indictment.  The court then took the matter under advisement so that it could review the cases relied on by the parties before rendering its decision.

On April 24, 1998, the trial court rendered its decision and denied defendant's motion.  The court stated that it was unsure how or when the evidence was destroyed, that it could not determine whether the destruction was done in good or bad faith, and that "it would appear that the evidence was destroyed prior to the filing of Defendant's motion for discovery."  The trial court then stated:

"In the instant case, the State was not on notice that the evidence must be preserved until February 27, 1998, when the discovery motion was filed.  Under those circumstances, it would appear that the [discovery] request is not timely.  And this is tied in with the fact that the timeliness becomes an issue because the Defendant [was] on warrant status for such a long period.  The Defendant should not be able to use that warrant status and then bootstrap that time in[to] a due process argument."

The court also stated that, because the discovery request was untimely, defendant was required to show that the State acted in bad faith in order to establish a due process violation.  The court noted that it had already determined that there was no evidence that the State destroyed the evidence in bad faith and therefore concluded that the motion should be denied.

On the same date, at the request of the parties, the trial court conducted a bench trial.  At the trial, the parties stipulated that the State could produce evidence showing that on March 27, 1993, while defendant was being booked for a traffic violation, the police discovered that defendant had possession of four small plastic baggies containing a white powdery substance; that a field test of the substances was positive for the presence of cocaine; that a later lab analysis of the substances showed that they contained 1.4 grams of cocaine; and that a forensic scientist, who could be qualified as an expert witness, would testify that it was his opinion, to a reasonable degree of scientific certainty, that the substances contained cocaine.  Defendant did not present any evidence.

Based on the stipulated facts, the trial court found defendant guilty of unlawful possession of a controlled substance.  Pursuant to a negotiated agreement, the trial court sentenced defendant to 15 months' in the Department of Corrections.  Defendant's timely notice of appeal followed the denial of his motion for a new trial.

On appeal, defendant contends that the trial court erred when it denied his motion to dismiss the indictment.  Defendant argues that the State's loss or destruction of the alleged cocaine, which was essential to and determinative of the outcome of his case, violated his due process rights because he filed a timely discovery motion to inspect the alleged cocaine.  In support of his argument, defendant asserts that the trial court's finding that the State destroyed the alleged cocaine prior to his filing of the discovery motion should be rejected because the finding is not based on any evidence in the record.  Defendant also asserts that, even if the trial court's finding as to when the State destroyed the alleged cocaine could be upheld, his discovery motion was nonetheless timely because he filed it almost immediately after the State commenced the prosecution against him by indicting him.

The State responds that defendant's discovery motion was not timely and that, as the trial court ruled, defendant was therefore required to show that the State acted in bad faith when it lost or destroyed the alleged cocaine.  The State argues that defendant has not made a showing of bad faith and that the trial court therefore properly denied defendant's motion to dismiss the indictment. 

We initially address our standard of review.  A trial court has the inherent authority to dismiss an indictment when the failure to do so would result in a deprivation of due process or a miscarriage of justice.  
People v. Newberry
, 166 Ill. 2d 310, 313-

14 (1995).  Where, as in this case, there is no dispute as to the facts and the issues raised are purely issues of law, we review the record 
de
 
novo
.  
People v. Daniels
, No. 83722, slip op. at 4-5 (Ill. June 17, 1999).  As to the trial court's finding that defendant's discovery motion was untimely, we recognize that the manifestly erroneous standard is typically applied to such findings.  See 
People v. Coleman
, 183 Ill. 2d 366, 384-85 (1998).  However, in this case, the facts underlying the court's finding that the motion was untimely were not in dispute and the court was not called on to make credibility determinations related to the finding.  Consequently, we will apply the 
de
 
novo
 standard to the court's finding regarding the timeliness of the discovery motion.

It is apparent from the parties' arguments that whether the  discovery motion was timely is of critical importance in this case.  Relying primarily on 
Newberry
, defendant argues that, because his discovery motion was timely, the State's destruction of the alleged cocaine constituted a violation of due process and was therefore a sufficient basis to grant his motion to dismiss the indictment.

In 
Newberry
, as in this case, the defendant was charged with unlawful possession of a controlled substance, the State lost or destroyed the alleged controlled substance, and the defendant filed a motion to dismiss the indictment on the basis of the destruction  of the evidence.  In finding that there was a due process violation, the 
Newberry
 court noted that the State destroyed the substance after defense counsel requested access to it in a discovery motion.  The court then stated:

"Where evidence is requested by the defense in a discovery motion, the State is on notice that the evidence must be preserved, and the defense is not required to make an independent showing that the evidence has exculpatory value in order to establish a due process violation. [Citation.]  If the State proceeds to destroy the evidence, appropriate sanctions may be imposed even if the destruction is inadvertent.  No showing of bad faith is necessary."  
Newberry
, 166 Ill. 2d at 317.

The State counters that 
Newberry
 is not applicable to this case because in this case defendant did not make a timely discovery request and because the holding in 
Newberry
 was specifically limited to cases where the defendant makes a timely discovery request.  The State asserts that the trial court's finding that the State destroyed the evidence in question before defendant filed his discovery motion was not a basis of the trial court's untimeliness finding.  We believe that the trial court made the finding as to when the evidence was destroyed in order to, at least implicitly, attempt to distinguish this case from 
Newberry
 where the court expressly noted in reaching its decision that the State destroyed the evidence after the discovery request. 

We therefore briefly address the trial court's finding as to when the evidence was destroyed in this case.  We agree with defendant that there is no evidence in the record that supports the trial court's finding that the State destroyed the evidence before defendant filed his discovery motion.  Just before it made the finding, the trial court stated that it was unsure how or when the evidence was destroyed.  Thus there is no basis for the trial court's finding and we will therefore disregard it.

The State next asserts that defendant's discovery motion was untimely because defendant created the delay in the criminal process by voluntarily choosing not to appear in court on the complaint for a preliminary hearing and to evade the criminal justice system for almost five years.  In the State's view, defendant thereby chose not to proceed with the criminal process, including addressing discovery issues.  Without citing any authority, the State argues that "defendant should not be allowed to bootstrap his time as a fugitive into a due process argument and gain an advantage caused by this delay in the process."

In response, defendant maintains that the State is suggesting that he should have filed his discovery motion while he was willfully absent between 1993 and 1998.  Defendant asserts that the State's suggestion is without merit because he could not have filed his discovery motion before he was indicted. Defendant argues that he filed his discovery motion four days after he was charged by the indictment and that his discovery motion was therefore timely.

We believe that whether defendant could have filed his discovery motion prior to his indictment is controlled by Supreme Court Rule 411 (134 Ill. 2d R. 411).  Rule 411 provides that criminal discovery rules "shall become applicable following indictment or information and shall not be operative prior to or in the course of any preliminary hearing."  134 Ill. 2d R. 411; see 
People v. Horton
, 65 Ill. 2d 413, 417 (1976).  The rationale underlying Rule 411 is that a preliminary hearing is not intended to be a discovery proceeding.  
People v. Huntley
, 144 Ill. App. 3d 64, 66 (1986).  In the absence of an indictment, a trial court therefore has no authority to order discovery prior to a preliminary hearing.  
Huntley
, 144 Ill. App. 3d at 66-67.

In this case, the State did not indict defendant until 1998 and there was no preliminary hearing before the indictment.  Therefore, under Rule 411, the discovery rules were inoperative and  it would have been futile for defendant to file a discovery motion prior to his indictment.  For these reasons, we conclude that defendant's filing of his discovery motion on February 27, 1998, four days after his indictment, was timely.

We next address the State's argument that defendant's discovery motion should be deemed untimely because otherwise defendant will be able to bootstrap his absence into a due process violation.  We recognize that the law generally does not allow a person to take advantage of his own wrong.  See 
People v. Bean
, 137 Ill. 2d 65, 154-55 (1990) (Clark, J., dissenting).  However, the State does not explain how defendant could have filed an operative  discovery motion before he was indicted.  Nor does the State explain why it did not indict defendant earlier and thereby start the period in which defendant could have filed an operative discovery motion.  Because the State could have filed an indictment and thereby controlled the time when a discovery motion would have been operative, we cannot say that defendant is being allowed to take advantage of his own wrong.  Therefore, the State's bootstrap argument does not change our conclusion that defendant filed a timely discovery motion.

Under the principles set out in 
Newberry
, because defendant's discovery motion was timely, defendant was not required to show that the State acted in bad faith when it destroyed the alleged cocaine.  Therefore, the trial court erred when it denied defendant's motion to dismiss the indictment against him.

The judgment of the circuit court of Kane County is reversed.

Reversed.

HUTCHINSON, J., concurs.

THOMAS, J., specially concurring:

I agree with the majority that the judgment of the trial court should be reversed because there was no evidence in the record supporting the trial court's finding that the State destroyed the evidence before defendant filed his discovery motion.  However, I would remand the cause for a hearing on the issue of when the evidence was destroyed.  In ruling on defendant's motion to dismiss, the trial court stated that, based upon its review of the stipulation entered into between the State and defendant, it could not determine how or when the evidence was destroyed.  The trial court nonetheless concluded that the evidence was destroyed prior to the filing of defendant's motion for discovery.  Because the lengthy delay in this case was due to defendant's flight, I would remand for a hearing to allow the State an opportunity to establish, if possible, when the evidence was destroyed.