THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. STEWART ROSE, Defendant-Appellee.

Second District   No. 2—02—0420

Opinion filed July 29, 2003.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

John F. Donahue, of Law Offices of Donahue, Sowa, Bugos & Brown, of Lisle, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

The State appeals the circuit court's order dismissing an indictment against defendant, Stewart Rose, because the State refused to reveal its confidential informant. The State contends that it did not have to reveal the informant's identity because defendant never demonstrated that this information was necessary to prepare his defense. We agree and therefore reverse and remand.

Defendant was indicted on two counts of possession with intent to manufacture a controlled substance (720 ILCS 570/401(a)(6.6)(B) (West 2000)) and controlled substance trafficking (720 ILCS 570/401.1(a) (West 2000)). During discovery, defendant asked the State to supply the name of its confidential informant. In its response, the State argued that disclosure was not required. It contended that the informant merely supplied the investigating agent with defendant's pager number and was not further involved in the transactions that led to defendant's arrest. The informant was not present when defendant was arrested.

Defendant renewed his request at a hearing on January 10, 2002. Defense counsel stated that he was concerned because defendant "was talking to several non-police officers, and I don't want to have a situation where one of them incited him, precipitated him to commit

criminal activity at a time when they were actually working for law enforcement." The defense proposed that it would give the court a factual narrative including the people defendant was living with and another person defendant befriended. The court could review the information *in camera*, along with the State's disclosures, and decide whether to disclose the informant's identity.

The court stated that defendant's proposal "made sense." The court stated that if one of the names defendant supplied matched that of the informant, the court would order disclosure.

The prosecutor initially agreed to this procedure. However, when the parties returned to court on January 29, 2002, the prosecutor asked the court to give him time to file a motion to reconsider the court's ruling. In doing so, he argued that defendant had not made a sufficiently specific factual showing to require disclosure of the informant. The State argued that because defendant was saying that the informant could have been one of a number of people and little more, defendant's request was merely a "fishing expedition" that did not warrant the State giving up the privilege against disclosing the informant's identity. At a later hearing, defendant again argued that he had "dealings" with several people and, if one of them happened to be the informant, the "bell has rung."

When the State continued to balk at disclosing the informant's identity, defendant moved to dismiss the indictment. The trial court granted the motion, and the State timely appealed.

On appeal, the State argues that the trial court erred by dismissing the indictment. The State contends that an informant's identity is presumptively privileged unless a defendant can establish that he is unable to prepare his defense without the informant. The State argues that defendant's vague reference to an entrapment defense is not enough to overcome the privilege.

■ A trial court has the inherent authority to dismiss an indictment when the failure to do so would result in a deprivation of due process or a miscarriage of justice. *People v. Newberry*, 166 Ill. 2d 310, 313-14 (1995). Where, as here, there is no dispute about the facts and the issues are purely legal, our review is *de novo*. *People v. Coleman*, 307 Ill. App. 3d 930, 934 (1999).

■ Supreme Court Rule 412(j)(ii) governs when the State must disclose a confidential informant's identity. The rule provides as follows:

> "Disclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the accused. Disclosure shall not be denied hereunder of the identity of witnesses to be produced at a hearing or trial." 188 Ill. 2d R. 412(j)(ii).

Defendant has the burden to show that disclosure of the informant's identity is necessary to prepare his defense. *People v. Herron*, 218 Ill. App. 3d 561, 574 (1991). Deciding whether to require disclosure of this information involves balancing the public interest in protecting informants against a defendant's right to prepare a defense. *Roviaro v. United States*, 353 U.S. 53, 62, 1 L. Ed. 2d 639, 646, 77 S. Ct. 623, 628-29 (1957); *People v. Woods*, 139 Ill. 2d 369, 378 (1990). When an informant is alleged to have participated in, witnessed, or helped to arrange the crime and disclosure will not jeopardize the informant's safety, the privilege will generally give way to a defendant's right to prepare his defense. *Woods*, 139 Ill. 2d at 378. On the other hand, where the informant neither participated in nor witnessed the offense, the informant is not a crucial witness and his identity may be withheld. *Herron*, 218 Ill. App. 3d at 572.

■ Here, the prosecutor repeatedly asserted that the informant was merely a tipster who had no further involvement in the criminal transactions. Defendant never offered anything to rebut this except vague speculation. Defense counsel stated only that defendant "was talking to several non-police officers" and was concerned that one of these acquaintances might have been the informant. Later, defense counsel explained that defendant had had "dealings" with several people, one or more of whom might have been working for the police.

Under *Herron*, defendant's burden encompassed something more than vague allegations that defendant had been "talking" or "dealing" with several people, one of whom might have been the informant. Defendant never offered any details showing how any of the people he dealt with induced him to commit the offenses. If anyone unfairly coerced defendant into committing a crime, defendant would know this and would have been able to provide his lawyer with more details. Instead, it appears that the defense went on a fishing expedition, hoping that learning the informant's name would allow it to develop some kind of defense. However, defendant had to do more. A vague assertion that defendant had possibly spoken to or dealt with the informant would require disclosure of the informant's identity in virtually every case, because presumably the informant and the person he or she informs on will have had some type of prior relationship.

We are not persuaded by defendant's contention that a more liberal disclosure standard should apply because the initial disclosure was to be made to the court *in camera*. Rule 412(j)(ii) does not differentiate between *in camera* disclosures and those in open court. If defendant did not meet his burden, disclosure was simply not required, regardless of the forum. Moreover, the trial court indicated by its remarks that if it found a "match"—if the informant's name appeared on the

list defendant was to submit—it would order disclosure without a further showing.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded.

Reversed and remanded.

CALLUM and GROMETER, JJ., concur.