NO. 4-05-0759     Filed 4/13/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| DERRICK R. YOUNG, | ) | No. 04CF1326 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas E. Little, |
| | ) | Judge Presiding. |

_____

JUSTICE COOK delivered the opinion of the court:

On June 22, 2005, the trial court found defendant, Derrick R. Young, guilty of unlawful possession of a controlled substance with intent to deliver. Defendant appeals, alleging the court erred in denying his pretrial motion to disclose the identity of a confidential informant. We affirm.

I. BACKGROUND

On November 1, 2004, Detective Edward Root of the Decatur police department sought a search warrant for the person of defendant and a residence at 1921 King Arthur Drive in Decatur to search for cannabis, documents indicating ownership or possession of the premises, and currency, paraphernalia, and records associated with drug sales. In the complaint for the warrant, Root stated that between October 27 and November 1, 2004, he met with a confidential source referred to as Pat Doe. At the meeting, a search of Doe's person revealed no money or contra-

band.  Doe then made a phone call to defendant, who directed Doe to a location in Decatur.  Law enforcement officers supplied money to Doe to purchase cannabis from defendant and followed him to the location defendant had given.

According to Root, in the meantime, other officers followed defendant to 1921 King Arthur Drive.  Defendant went inside and then went to meet Doe without making any other stops.  Root, who stated he is personally familiar with defendant and positively identified him, watched as defendant and Doe met.  After defendant and Doe parted, Root followed Doe to another location where Doe handed Root a green leafy material that field-tested positive for cannabis.

Root further stated that he observed defendant's car parked at 1921 King Arthur Drive on at least five occasions in the prior several weeks either late at night or in the early morning hours.  He also stated that defendant was out on bail after being found to possess more than 100 grams of cannabis, scales, and $1,985.

At the end of his typed complaint, Root handwrote that Doe had previously provided reliable information resulting in the issuance of more than three search warrants in Macon County and the seizure of heroin, cocaine, currency, and firearms and that several convictions had resulted.

On November 5, 2004, defendant was charged with unlaw-

ful possession of a controlled substance with intent to deliver in violation of section 401(a)(2)(A) of the Illinois Controlled Substances Act (720 ILCS 570/401(a)(2)(A) (West 2004)) as a result of the search, which was executed on November 2, 2004. At a preliminary hearing, Root testified that when officers entered 1921 King Arthur Drive at 8:40 a.m. on November 2, they found defendant lying on the living room floor. Defendant acknowledged that he stayed at the house, which belonged to the mother of his children. Under the living room couch Root found a plastic bag containing a substance that field-tested positive for cannabis. Root also found a total of $1,313 in defendant's wallet and back pocket.

Other officers searched the three-bedroom house. Two of the bedrooms appeared to be children's rooms. An officer found a clothes basket in the closet of the third bedroom. Among the clothes were several plastic shopping bags inside each other. From the innermost bag, Root recovered approximately 35 grams of a substance that field-tested positive for cocaine. Officers also found baking soda, scissors, aluminum-foil strips, and several ceramic dinner plates in the bags. They discovered two sets of digital scales and a brass weight used to calibrate the scales on a dresser in the same bedroom.

On January 31, 2005, defendant filed a motion for disclosure of informant or, in the alternative, for confirmation

of his or her existence. The trial court denied the motion.

Defendant waived his right to a jury trial and, on June 22, 2005, his stipulated bench trial commenced. The State offered a factual basis for the stipulation, stating that Root would testify regarding the November 2, 2004, search and discovery of the currency on defendant's person and the cocaine, baking soda, plastic Baggies, dinner plates, digital scales, and brass weight in the bedroom of the residence on 1921 King Arthur Drive. The trial court found defendant guilty.

Pursuant to its negotiations with defendant, the State recommended a six-year sentence in the Department of Corrections, a drug assessment, a crime-lab fee, and a street-value fine. The trial court sentenced defendant accordingly.

On July 22, 2005, defendant filed a posttrial motion alleging (1) the trial court erred in denying his pretrial motion for disclosure of informant or confirmation of his or her existence and (2) the State failed to prove him guilty beyond a reasonable doubt of possession of a controlled substance with intent to deliver. The court denied the motion, and this appeal followed.

## II. ANALYSIS

Defendant's only contention on appeal is that the trial court erred in denying his motion to disclose the identity of the State's informant. Supreme Court Rule 412(j)(ii) provides:

"Disclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the accused." 188 Ill. 2d R. 412(j)(ii). In determining when disclosure is compelled, "each case must be decided on its own facts, balancing the public's interest in the flow of information against the individual's right to prepare a defense." People v. Bufford, 277 Ill. App. 3d 862, 865, 661 N.E.2d 357, 360 (1995), citing Roviaro v. United States, 353 U.S. 53, 62, 1 L. Ed. 2d 639, 646, 77 S. Ct. 623, 629 (1957). "However, if the issue is one of probable cause, and guilt or innocence is not at stake, the nondisclosure of an informer's identity is not error." People v. McBee, 228 Ill. App. 3d 769, 773, 593 N.E.2d 574, 576 (1992), citing McCray v. Illinois, 386 U.S. 300, 311, 18 L. Ed. 2d 62, 70, 87 S. Ct. 1056, 1062 (1967). Whatever the circumstances, the "[d]efendant has the burden to show that disclosure of the informant's identity is necessary to prepare his defense." People v. Rose, 342 Ill. App. 3d 203, 206, 794 N.E.2d 1004, 1006 (2003).

Defendant has not established a need for disclosure. The informant's information only assisted in establishing the probable cause necessary to support the issuance of the search warrant. Doe did not make any claims in the complaint for the

search warrant. Rather, the search warrant was issued solely on the allegations Root made after he personally viewed the controlled buy. Root's observations were the basis for the search warrant.

Further, the transaction between Doe and defendant was not an issue at trial as defendant faced no charges as a result of the controlled buy. Defendant's charges stemmed from his possession of the cocaine found in the execution of the search warrant. Doe, who had arranged to purchase cannabis, had no role in defendant's possession of cocaine and could not have provided testimony concerning the charged offense. Accordingly, the trial court did not err in denying defendant's motion to disclose Doe's identity.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

STEIGMANN, P.J., and APPLETON, J., concur.